UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10080-NMG

UNITED STATES OF AMERICA

v.

ELIZABETH HENRIQUEZ

### ORDER RE CONFLICT OF INTEREST

June 17, 2019

KELLEY, U.S.M.J.

The government moved for a hearing concerning conflicts of interest with regard to counsel retained by Ms. Henriquez (#400). Ms. Henriques is represented by the law firm of Ropes & Gray LLP. Douglas Hodge, a co-defendant, is also represented by that firm. Ms. Henriques filed an ex parte motion under seal explaining her position concerning the government's motion (#420).

The court held a hearing today pursuant to Rule 44(c), Fed. R. Crim. P. At the hearing, Attorney Aaron Katz appeared on behalf of Ms. Henriquez. The government stated that it did not object to the joint representation of Ms. Henriquez and Mr. Hodge.

At the hearing, the court explained to Ms. Henriquez that when codefendants are represented by the same counsel or law firm, conflicts may affect the quality of their representation. The court set out possible problems, for example, the fact that joint representation might preclude one defendant from

engaging in plea bargaining or might otherwise interfere with a favorable disposition of the charges against that defendant.

The court further advised Ms. Henriquez that she has an absolute right to representation by separate counsel of her own choosing.

At the hearing, Attorney Katz reported that he had reviewed the matter of joint representation with Ms. Henriquez.

Ms. Henriquez acknowledged that she is aware of the problems with her attorney's representation of her, she is aware that he is entitled to be represented by separate counsel, and that present counsel have discussed the matter with her.

Notwithstanding the potential for conflicts of interest to arise, Ms. Henriquez still chooses to be represented by present counsel.

This court finds and concludes that Ms. Henriquez knowingly, intelligently, and voluntarily waived her right to be represented by separate counsel.

This court accordingly concludes, pursuant to Rule 44(c), Fed. R. Crim. P., that she shall be represented by present counsel. She may, at a later time, because of new developments or otherwise, retain separate counsel. Should Ms. Henriquez conclude that representation by separate counsel is appropriate in the circumstances, that decision shall be made promptly upon discovery of the facts warranting that decision. As explained by this court during the colloquy with Ms. Henriquez, a judge is not obligated to continue a trial date based upon a late decision to obtain new counsel.

Present counsel shall immediately notify this court in writing should counsel become aware of new information bearing on the question of joint representation.

/s/ M. Page Kelley

UNITED STATES MAGISTRATE JUDGE