# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) <br> ) Criminal No. 1:19-cr-10080-NMG |
| ELIZABETH HENRIQUEZ | ) <br> ) |
| Defendant. | ) <br> ) |

## ASSENTED-TO AMENDED MOTION FOR LEAVE TO EXCEED
## PAGE LIMIT FOR SENTENCING MEMORANDUM

Elizabeth Henriquez respectfully moves for permission to file a Sentencing Memorandum exceeding the page limit set forth both in Local Rule 7.1(b)(4) for the United States District Court for the District of Massachusetts and this Court's Orders of February 20 and 28, 2020. *United States v. Henriquez*, No. 19-cr-10080-NMG (D. Mass.), Dkt. Nos. 861, 893. Specifically, Ms. Henriquez requests leave to file a Sentencing Memorandum not to exceed 38 pages. In support of this Motion, undersigned counsel states as follows:

1. Local Rule 7.1(b)(4) states that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced." This rule governs motion practice in criminal cases, including Ms. Henriquez's forthcoming sentencing memorandum. *See* Local Rule 112.1.

2. Ms. Henriquez is to file her Sentencing Memorandum by March 26, 2020.

3. Undersigned counsel has prepared a Sentencing Memorandum that includes a thorough and detailed analysis of the factors set forth in 18 U.S.C. § 3553(a). In particular, it provides a detailed picture of Ms. Henriquez's personal, medical, and family history; considers and explores her offense conduct; analyzes the applicable comparative culpability in her case; and addresses the

effect of the unprecedented and unexpected COVID-19 crisis on the sentencing.  *See generally* 18 U.S.C. § 3553(a).

4. Given the intricacy of these issues and their potential impact on the Court's sentencing decision, limiting the memorandum to 20 or 34 pages would frustrate the Memorandum's ability to fully assist the Court.  Such a limitation would substantially prejudice Ms. Henriquez's ability to present the Court with a complete and accurate analysis of the § 3553(a) factors present in her case.

5. Undersigned counsel has conferred with counsel for the government regarding the relief requested.  The government assents to this Motion.

## CONCLUSION

WHEREFORE, Ms. Henriquez respectfully requests that the Court grant her motion for leave to file a Sentencing Memorandum that exceeds 20 pages, not to exceed 38 pages.

DATED: March 25, 2020

Respectfully submitted,

/s/ Aaron M. Katz
Aaron M. Katz (BBO #662457)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
(617) 951-7000
aaron.katz@ropesgray.com

Laura G. Hoey (*pro hac vice*)
Ropes & Gray LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
(312) 845-1200
laura.hoey@ropesgray.com

Colleen A. Conry (*pro hac vice*)
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807

(202) 508-4600
colleen.conry@ropesgray.com

**Counsel for Elizabeth Henriquez**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Aaron M. Katz, hereby certify that counsel for Defendant conferred with counsel for the government regarding this motion and that the government assented.

*/s/ Aaron M. Katz*_____
Aaron M. Katz

## CERTIFICATE OF SERVICE

I, Aaron M. Katz, hereby certify that the foregoing document was served through the ECF system on all registered participants in this action on March 25, 2020.

*/s/ Aaron M. Katz*_____
Aaron M. Katz