UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ELIZABETH HENRIQUEZ, )<br>)<br>Defendant )<br>) | Criminal No.: 19-10080-NMG |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The government respectfully submits this supplemental memorandum to address certain of the contentions in the sentencing memorandum of defendant Elizabeth Henriquez.

*First,* Henriquez attempts to shift the blame for her actions to her co-conspirator, William "Rick" Singer, effectively arguing that she was Singer's victim. While Singer was the mastermind of the conspiracy, Henriquez was a willing and active participant in his scheme:

- In June 2015, Henriquez paid Singer $2,500 to have a third party provide her older daughter with answers to questions during her SAT II subject tests.

- In October 2015, Henriquez paid Singer an additional $25,000 to have Mark Riddell cheat on the same daughter's SAT exam. While purporting to proctor the test, Riddell fed Henriquez's daughter many of the answers.

- In May 2016, Henriquez made a purported contribution of $400,000 to Singer's KWF charity, with the understanding that Singer would pass the money on to the Georgetown University tennis program. Henriquez understood that, in exchange for the purported donation, the tennis coach would purport to recruit her daughter to Georgetown's tennis team, using an application that included falsified tennis credentials. As part of the fraud, Henriquez allowed her daughter, at Singer's direction, to send an email to the complicit coach falsely trumpeting her commitment to competitive tennis.

- In October 2016, Henriquez arranged for her younger daughter to fly to Houston so that Riddell could feed her answers on the ACT exam.

> Although Singer invoiced Henriquez $75,000 for the fraud (styled, once again, as "contribution" to his charity), Henriquez's husband instead agreed to trade his influence at Northeastern University in support of another Singer client's application.

- In June 2017, Henriquez paid Singer in cash to arrange for cheating on her younger daughter's SAT II subject tests and ACT exam. Henriquez's daughter flew to Los Angeles twice for these tests.

*Second,* Henriquez mischaracterizes her $400,000 payment Singer's charity in furtherance of the scheme. The purported donation was *not* "ostensibly legitimate," as Henriquez describes it. As Henriquez acknowledged at her change of plea hearing, she understood that the money would be passed on as a "purported donation to Georgetown's tennis program as a *quid pro quo* for Ernst agreeing to facilitate Henriquez's older daughter's admission to Georgetown by allocating one of his admission slots to her." Oct. 21, 2018 Tr. at 13. Henriquez also knew that the payment was not legitimate because she knew that her daughter was not a Division 1 caliber tennis player, and that her credentials were being falsified so that Ernst could credibly allocate one of his walk-on spots to her in exchange for the money. *Id*. at 13-14. Legitimate donations do not involve such deceit. This was *not* using her wealth to give her daughter an "additional leg up in the college admissions process," as Henriquez contends. This was fraud. Nothing the government has disclosed in advance of Henriquez's sentencing changes that.[1]

*Third*, Henriquez contends that her conduct is "identical" to that of fellow conspirator Michelle Janavs, who was sentenced by this Court to five months of imprisonment. That is not

---

[1] Relatedly, Henriquez seeks credit for the fact that she and her husband amended their 2016 tax returns after their arrest to remove the $400,000 deduction they had taken for their payment to KWF. Henriquez contends that she did not realize until after her arrest that KWF was not a legitimate charity. As described above, however, Henriquez knew that the payment was part of a corrupt deal that enabled her daughter to gain admission to Georgetown as a fake tennis recruit. Moreover, Internal Revenue Service guidance precludes the deduction of contributions from which the contributor "receive[d] or expect[ed] to receive a benefit." *See, e.g.,* https://Case/www.irs.gov/pub/irs-pdf/p526.pdf

true. Janavs cheated twice on the ACT and pursued the USC side door once, while Henriquez engaged in the testing fraud *five* times in addition to pursuing the Georgetown side door. Their goals might have been similar, but the repeated nature of Henriquez's conduct renders her more culpable.

*Fourth*, while the government respectfully submits that Henriquez's conduct warrants a meaningful sentence of imprisonment, the government also believes that a continuance of Henriquez's self-report date would be appropriate in light of the coronavirus pandemic.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Eric S. Rosen*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
KARIN M. BELL
STEPHEN E. FRANK
Assistant United States Attorneys

Date: March 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by CM/ECF on March 30, 2020.

*/s/ Eric S. Rosen*
ERIC S. ROSEN